**SO ORDERED.**

**SIGNED this 02 day of August, 2007.**

_____
**A. Thomas Small
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| D&M LAND COMPANY, LLC | 07-00054-5-ATS |
| DEBTOR | |

### ORDER REGARDING BROKER'S COMMISSION

The matters before the court are the consideration of realtor compensation continued from a prior hearing on the debtor's motion to sell property, the debtor's motion to reconsider, and the debtor's motion to assume executory contracts. A hearing took place in Raleigh, North Carolina on August 2, 2007.

D&M Land Company, LLC filed a petition for relief under chapter 11 of the Bankruptcy Code on January 10, 2007. The debtor owns 8.87 acres on Glenwood Avenue in Raleigh that is subject to the secured claims of BB&T and Instant Money, Inc. in the amounts of $5,154,612.32 and $40,000, respectively. Prior to filing the petition, D&M entered into an agreement with Graham Realty, Inc., pursuant to which Graham Realty was to market the property. The prepetition agreement also included a co-broker provision with Gaston Pointe Properties, Inc., of which Macon White, a majority owner of D&M, is the licensed broker in charge. A contract for the sale of the property was entered prepetition,

and amended postpetition, with Zion Temple United Church of Christ. The sale price is $6,600,000, and provides for a 6 percent commission to Graham Realty, 2 percent of which is payable to Gaston Pointe Properties under the co-broker arrangement. BB&T filed a limited objection to the sale motion, contending that the commission was a payment to a professional that had not been properly approved pursuant to 11 U.S.C. §§ 327 and 330, and that the broker is not disinterested and cannot be compensated as an administrative expense.

The court held a hearing on the debtor's motion to sell the property on July 3, 2007, and on that date entered an order allowing the sale while reserving any decision regarding the realtor's commission. At that time, the court noted that it appeared that compensation was being requested for a professional who is a prepetition creditor and who is not a disinterested person as required by § 327(a). The court directed the clerk to set a hearing after notice to all affected parties to consider the requested commission, and directed the parties to hold the requested commission in trust after closing, pending a final decision.

After the court entered its order on July 3, 2007, the debtor filed a motion to reconsider the order, asking the court not to approve the sale without also ruling on the commission issue. At the time the court entered its order on July 3, the anticipated closing date was July 10, 2007; since the entry of that order, however, the closing date was extended by the buyer to August 10, 2007, and has again been extended to September 10, 2007. As a result, there is no longer a need for the court to approve the sale separate and apart from the commission. The debtor also filed a motion to assume the listing agreement and the contract for sale.

BB&T continues to object to the payment of the commission. It maintains that the agreements are not executory in nature and cannot be assumed, and that Graham Realty should not be allowed to provide a "kickback" to an insider of the debtor.

Monte White, the principal of Graham Realty, appeared at the hearing and testified about the marketing and sale of the property. The court is satisfied that Mr. White, who is not related to Macon White or her husband, R. Duane White, is not an insider or a prepetition creditor of the debtor. The court also finds that the commission agreement was adequately disclosed in the debtor's schedules and that including the request to pay the commission in the debtor's motion to sell is procedurally sufficient to bring the retention of the professional before the court for approval.

Absent the co-brokerage arrangement with Gaston Pointe Properties, the court would approve the commission to Graham Realty. Gaston Pointe Properties, however, is clearly an insider and not disinterested, and the court cannot sanction the payment of a 2 percent co-broker commission. Though Mr. Monte White testified that Ms. Macon White did participate in the marketing and contracting process with respect to the property, it does not appear that her participation was substantially greater than the involvement of any property owner, and her contribution would not merit allowing a commission to an insider in contravention of § 327. Accordingly, the court will not allow the 2 percent co-broker commission or any part of the broker commission to be paid to Gaston Pointe Properties.

The listing agreement between the debtor and Graham Realty provided for the 2 percent co-broker commission in the event of any sale; as a result, Graham never anticipated receipt of any commission greater than 4 percent. Accordingly, the court will approve the sale with a commission to Graham Realty in the amount of 4 percent of the sale price, with no co-broker fee to be paid to Gaston Pointe Properties.

3

The buyer filed a document with the court expressing its concern that if the entire 6 percent commission is not approved, it might be responsible for paying the difference. This order should alleviate that concern, and if Graham is paid from the sale proceeds as provided in this order, the buyer has no further obligation to either Graham or Gaston Pointe.

Macon White did not appear at the hearing, but she did have notice of the hearing and notice that her entitlement to receive a commission would be at issue. Ms. White is the designated representative of the debtor listed on the petition, and she receives all notices addressed to the debtor at her personal address at 1835 Eaton Ferry Road, Littleton, North Carolina 27850. See Chapter 11 Voluntary Petition, Docket # 1; Order for Macon Medlin White to Appear for Examination, Docket # 3; Schedule F, listing Ms. White as an unsecured creditor, Docket #21. The order of July 3, 2007, the motions and objections related to that order, and the notices of hearings scheduled for August 2, 2007, were all served by U.S. Mail on the debtor at Ms. White's address. See, e.g., Certificate of Mailing of Order, Docket # 87; Certificate of Mailing of Notice of Hearing, Docket # 94. Accordingly, the court finds that Ms. White was on notice that her commission was at risk, and she chose not to appear at the hearing to contest the possibility that she would not receive her commission.

Based on the foregoing, the court will approve the sale with a 4 percent commission to Graham Realty, but will not approve a 2 percent co-brokerage commission to Gaston Pointe Properties. Because Graham Realty would only have received 4 percent under the terms of the contract, it will suffer no damages as a result of the reduction in the commission.

**SO ORDERED**.

**END OF DOCUMENT**